IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

LOREN W. MAY, SR.                                                                                           PLAINTIFF
REG. #17748-045

V.                                         NO: 2:12CV00113 BSM/HDY

T.C. OUTLAW *et al.*                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Loren W. May, Sr., an inmate currently incarcerated at the Federal Correctional Institution in Forrest City ("FCIFC"), filed a *pro se* complaint (docket entry #2), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on June 18, 2012.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he has been exposed to "black mold" in various areas of the prison for the past two years and six months. This exposure has allegedly caused him to have chest pain, sinus problems, infections, and other health issues. Plaintiff has named as Defendants Warden T.C. Outlaw, Safety Manager Ronald Smith, Health Services Administrator Gram, Assistant Health Services Manager Hoy, and Housing Unit Manager Dube-Gilley, all of FCIFC; O.S.H.A. Assistant Area Director David Trigg, and O.S.H.A. Area Director Carols M. Reynolds; and unidentified Does.

Plaintiff has already pursued his claims relating to mold in *May v. USA et al.*, ED/AR No. 2:12CV00019. United States Magistrate Judge Jerome T. Kearney dismissed Plaintiff's claims with prejudice in that case on July 2, 2012. Plaintiff filed a notice of appeal on July 11, 2012. Although some Defendants are different in the two cases, Outlaw and Smith were named in both, and the claims in both cases are essentially identical. Thus, the doctrine of collateral estoppel operates as a bar to the instant complaint. Collateral estoppel is appropriate when four elements are present: (1) the issue sought to be precluded is identical to the issue previously decided, (2) the prior action resulted in a final adjudication on the merits, (3) the party sought to be estopped was either a party

or in privity with a party to the prior action, and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. *Irving v. Domire*, 586 F.3d 645, 647-648 (8th Cir. 2009)(internal citations omitted). The issues in this case are identical to the earlier case, and both were filed by Plaintiff. The prior case resulted in a final adjudication on the merits of the mold claims, and Plaintiff was given a full and fair opportunity to be heard on the issue. Thus, this lawsuit is nothing more than a frivolous attempt by Plaintiff to re-litigate his previously decided claims. Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   19   day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE